**MICHAEL JAY BERGER (State Bar # 100291)**
**LAW OFFICES OF MICHAEL JAY BERGER**
**9454 Wilshire Boulevard, 6th Floor**
**Beverly Hills, California 90212**
**T: 1.310.271.6223 | F: 1.310.271.9805**
**E: michael.berger@bankruptcypower.com**

**Attorney for Defendant-Debtor,**
**Andre Haghverdian**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| **In re:** <br><br> **ANDRE HAGHVERDIAN,** <br><br>　　　　**Debtor.** | **Case No.: 2:12-bk-50541-PC** <br> Adversary No.: 2:13-ap-01363-PC <br><br> **Chapter 7** <br><br> **DEFENDANT'S TRIAL BRIEF** |
| **AMERICAN CONTRACTORS INDEMNITY COMPANY,** <br> Plaintiff. <br><br>　　　　**vs.** <br><br> **ANDRE HAGHVERDIAN,** <br> Defendant. | **TRIAL DATE:** <br> Date:　April 4, 2014 <br> Time:　9:00 a.m. <br> Crtrm:　Courtroom 1468 <br> Place:　255 E. Temple Street <br>　　　　Los Angeles, CA 900142 |

**TO THE HONORABLE PETER H. CARROLL, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND TO ALL INTERESTED PARTIES:**

Defendant Andre Haghverdian ("Defendant" and "Debtor"), by and through his undersigned counsel, and pursuant to this Court's Order Setting Trial Date and Establishing Procedures for Conduct of Trial [docket no. 48], hereby respectfully submits the instant Trial Brief in support of his legal and factual contentions and defenses in this matter.

## INTRODUCTION

This Court should hold in favor of Debtor and dismiss the Complaint *with* prejudice.

Creditor American Contractors failed to provide sufficient evidence to prevail on any of its claims under 11 U.S.C. § 727 (a)(2), (3), (4), (5) and (6).  For this reason, Debtor respectfully requests this Court to enter judgment in favor of Debtor and against Creditor American Contractors as to all causes of action and award Debtor costs of suit and reasonable attorney fees incurred in defending himself in this adversary proceeding.

## CONCISE STATEMENT OF FACTS

On March 18, 2013, Plaintiff commenced the instant adversary proceeding seeking denial of Defendant's bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(2), (3), (4), (5) and (6) [docket no. 1].

On April 16, 2013, the Debtor filed his Answer to the Complaint [docket no. 9].

On May 28, 2013, this Court entered its Scheduling Order setting: (1) a status conference hearing on December 12, 2013; and (2) a discovery cut-off date of December 12, 2013 [docket no. 11].

On February 13, 2014, this Court entered an Order Setting Trial Date and Establishing Procedures for Conduct of Trial [docket no. 48].

On March 28, 2014, the Pre-Trial Stipulation re Complaint of American Contractors Indemnity Company for Denial of Discharge Pursuant to 11 U.S.C. § 727 (a)(2), (3), (4), (5) and (6) was filed [docket no. 56].

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Creditor American Contractors Failed to Carry its Burden of Proof under § 727(a)(2)

The court can deny a discharge if a "debtor with **intent to hinder, delay or defraud a creditor,"** has transferred, removed, or concealed property of the estate within one year before the date of filing of the petition.

Creditor American Contractors have failed to establish Debtor transferred any funds. Instead, Creditor American Contractors references bank accounts with zero balances and allege Debtor transferred funds since they have a zero balance.

Creditor American Contractors has the burden of proof to show by a preponderance of the evidence, that Debtor transferred Property with the intent to hinder, delay or defraud a creditor. *Aubrey v. Thomas (In re Aubrey),* 111 B.R. 268, 273 (9th Cir. BAP 1990); *Grogan v. Garner,* 498 U.S. 279, 284 (1991). Creditor American Contractors failed to meet its burden of proof since it failed to provide any evidence that Debtor hid funds or that Debtor intended to hinder, delay or defraud Creditor by having bank accounts with zero balances.

Based on the foregoing, Debtor respectfully requests the Court find in favor of Debtor on this claim because there is no evidence that Debtor intended to hinder, delay, or defraud a creditor.

B. **Creditor American Contractors Failed to Carry its Burden of Proof under § 727 (a)(3)**

Creditor American Contractors has the burden to prove that Debtor has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information," from which their financial condition or business transactions might be ascertained. § 727(a)(3) & Fed.R.Bank.P. 4005.

Creditor American Contractors must show "(1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *In re Cox,* 41 F.3d 1294,1296 (9th Cir.1994) (*Cox II*), quoting *Meridian Bank v. Alten,* 958 F.2d 1226, 1232 (3d Cir.1992).

Defendant timely responded and produced all requested documents to Creditor American Contractors seemingly endless discovery. Creditor American Contractors, on the other hand, has presented no evidence of any *missing* records or documents.

Based on the foregoing, Debtor respectfully requests the Court find in favor of Debtor on this claim because there is no evidence that Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information from a creditor.

C. **Creditor American Contractors Failed to Carry its Burden of Proof under § 727 (a)(4)**

Creditor American Contractors has the burden to prove that Debtor has "knowingly and fraudulently, in or in connection with his Chapter 7 case, made one or more false oaths as specified in 11 U.S.C. § 727(a)(4).

Plaintiff alleges that by Debtor amending his schedules or not listing bank accounts with zero balances are false oaths. However, such actions are insufficient to establish evidence to prove Debtor has knowingly made one or more false oaths.

Based on the foregoing, Debtor respectfully requests the Court find in favor of Debtor

on this claim because there is no evidence that Debtor has knowingly made any false oaths.

**D.  Creditor American Contractors Failed to Carry its Burden of Proof under § 727 (a)(5)**

Creditor American Contractors has the burden to prove that Debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the Debtor's liabilities pursuant to 11 U.S.C. § 727(a)(5).

Debtor has responded to all of Creditor American Contractors' seemingly endless discovery—the relevancy of which has yet to be established.  The prolonged and protracted litigation has been an undue expense on Debtor and Debtor's family, friends, and business contacts.  Irrelevant depositions of non-parties have been taken with no clear basis or justification aside from the purpose of harassing Debtor.

There is no more information that Debtor could provide Creditor American Contractors, who seem to have an endless supply of funds to continue to bully maliciously prosecute Debtor.

Based on the foregoing, Debtor respectfully requests the Court find in favor of Debtor on this claim.

**E.  Creditor American Contractors Failed to Carry its Burden of Proof under § 727 (a)(6)**

Creditor American Contractors has the burden to prove that Debtor has refused to provide Creditor American Contractors with complete copies of his records concerning his mortgage and other community asset obligations, bank and other financial accounts, as ordered by the Court.

However, Debtor timely produced all requested records and documents requested by Plaintiff American Contractors, and has not refused to obey lawful Orders of this Court.

Based on the foregoing, Debtor respectfully requests the Court find in favor of Debtor on this claim.

Case 2:13-ap-01363-DS    Doc 58    Filed 03/28/14    Entered 03/28/14 17:19:15    Desc
Main Document    Page 6 of 8

## CONCLUSION

Based on the foregoing, Debtor respectfully requests this Court to enter judgment in favor of Debtor and against Creditor American Contractors as to all causes of action and award Debtor costs of suit and reasonable attorney fees incurred in defending himself in this adversary proceeding.

DATE: March 28, 2014

LAW OFFICES OF MICHAEL JAY BERGER

_____
Michael Jay Berger
Attorney for Defendant-Debtor
Andre Haghverdian

6
DEFENDANT'S TRIAL BRIEF

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9454 Wilshire Boulevard, 6th floor, Beverly Hills, California 90212.

A true and correct copy of the foregoing document entitled: **"DEFENDANT'S TRIAL BRIEF"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **3/28/2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **3/28/2014,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **3/28/2014,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Section III--Served by Overnight Mail:

Chambers of Judge Peter H. Carroll
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1460/Courtroom 1468
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true & correct.

| **3/28/2014** | **Sara Tavakoli** | /s/ Sara Tavakoli |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Dec 2012*                                    **F 9013-3.1.PROOF.SERVICE**

**SERVICE LIST**

*Section I – Served Via NEF:*

- Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com
- R G Pagter gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- Misty A Perry Isaacson misty@pagterandmiller.com
- Andrew Edward Smyth office@smythandsmyth.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

*Section II – Served Via U.S. Mail:*

Misty A. Perry Isaacson
Pagter and Miller
525 N. Cabrillo Park Dr Ste 104
Santa Ana, CA 92701
Attorney for the Plaintiff PAGTER and MILLER

Andrew E. Smyth
Attorneys for Defendant Andre Haghverdian
Smyth Law Office
4929 Wilshire Bl., Ste. 690
Los Angeles, CA 90010

Andre Hagverdian
11019 Whitegare Ave.
Sunland, CA 91040

Ivet Nazari
3102 Harmony Place
La Crescenta, CA 91214

Office of the U.S. Trustee
725 S. Figueroa St., 26th Flr.
L.A. CA 90012

Chapter 7 Trustee
Edward M. Wolkowitz
Levene Neale Bender, et al.
800 S. Figueroa St., Ste. 1260
L.A., CA 90017